**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JUSTIN B. CONRAD** | ] | |
|     **Petitioner,** | ] | |
| | ] | |
| **v.** | ] | **No. 3:17-cv-0270** |
| | ] | **Judge Trauger** |
| **BRUCE WESTBROOKS** | ] | |
|     **Respondent.** | ] | |

**M E M O R A N D U M   A N D   O R D E R**

The instant *pro se* § 2254 habeas corpus action was transferred (Docket Entry No. 50) to this Court on February 8, 2017 from the Western District of Tennessee.

Prior to being transferred, the petitioner filed thirteen (13) motions in the case which remain pending today. These include three motions for the appointment of counsel (Docket Entry Nos. 23, 28 and 37), two motions for discovery and the production of documents (Docket Entry Nos. 24 and 36), a motion to comply (Docket Entry No. 29), five motions (Docket Entry Nos. 31, 33, 35, 39 and 47) to "Incorporate Documented Evidence under State and Federal Law", a motion (Docket Entry No. 34) to compel counsel to surrender his case file, and a motion for change of venue (Docket Entry No. 42).

The Supreme Court has held that "an indigent's right to appointed counsel ....... exists only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Department of Social Services, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to appointed counsel in a civil habeas corpus action. Lanier v. Bryant, 332 F.3d 999, 1006 (6th

Cir. 2003).

The appointment of counsel for a civil litigant is a matter within the sound discretion of the district court and will only occur under exceptional circumstances. *Id.*; Lavado v. Keohane, 992 F.2d 601 (6th Cir. 1993). In this instance, the petitioner has alleged simply that he is not trained in the law and requires the assistance of counsel. His ignorance of the law, however, standing alone, does not constitute the type of exceptional circumstances needed to justify an appointment of counsel. Accordingly, petitioner's motions (Docket Entry Nos. 23, 28 and 37)  for appointment of counsel are DENIED.

The petitioner has also filed two motions (Docket Entry Nos. 24 and 36) requesting discovery and the production of documents. The respondent has submitted responses (Docket Entry Nos. 26 and 43) in opposition to these motions, to which the petitioner has offered replies (Docket Entry Nos. 27 and 48).[1]

A habeas petitioner, unlike other civil litigants in federal court, is not entitled to discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Thus, the broad discovery provisions of the Federal Rules of Civil Procedure do not apply to habeas proceedings. Harris v. Nelson, 394 U.S. 286, 295 (1969). Nevertheless, discovery within the context of a habeas action may be allowed upon a showing of good cause. Rule 6(a), Rules Governing § 2254 Cases.

Rule 5 of the Rules Governing § 2254 Cases requires the respondent to provide a case record with his answer. The respondent has submitted such a record with his answer. *See* Docket Entry No.

---

[1] The petitioner has alleged that counsel was ineffective at trial. His first motion (Docket Entry No. 24), however, seeks to discover information from the prosecution related to trial preparation rather than information pertinent to his relationship with his attorney. The second motion (Docket Entry No. 36) does ask for his attorney's case file but also includes a request for additional trial preparation information.

16. Until the necessity for an evidentiary hearing becomes apparent from the existing record, the petitioner is unable to show cause sufficient to allow discovery at this time. *See* <u>Harris v. Nelson</u>, *supra* at 394 U.S. 300 (at any time during a habeas proceeding, when the court considers it necessary to do so, discovery procedures may be fashioned to allow for the factual development of an issue). As a consequence, the petitioner's discovery motions are PREMATURE and are DENIED at this time for that reason.

The petitioner has filed a motion (Docket Entry No. 29) to compel. The motion, however, does not identify who is to be compelled and what they should be compelled to do. Thus, this motion has no merit and is DENIED.

There are five motions (Docket Entry Nos. 31, 33, 35, 39 and 47) asking the Court to allow the "documented evidence" attached to them to be made exhibits to the record. These motions are GRANTED. The "documented evidence" that is now a part of the record will be given whatever weight it deserves.

The petitioner has filed a motion (Docket Entry No. 34) asking the Court to compel his attorney to surrender petitioner's case file. As noted above, issues regarding discovery are premature at this time. Therefore, this motion is DENIED as well. Should it later appear that an evidentiary hearing is necessary to resolve petitioner's claims, he will be free to re-file this motion.

There is a motion (Docket Entry No. 42) pending which seeks a change of venue, asking the Court to have this matter transferred to this judicial district. Clearly, the order (Docket Entry No. 50) directing such a transfer has rendered this motion MOOT.

The petitioner has filed an Amended Petition (Docket Entry No. 38). In the original Petition (Docket Entry No. 1), the petitioner alleges the ineffective assistance of trial counsel. The Amended

Petition adds four new issues that were not included in the original Petition. These issues involve (1) the ineffective assistance of post-conviction counsel; (2) a <u>Brady</u> claim; (3) a prosecution witness who provided perjured testimony; and (4) the non-disclosure of exculpatory evidence that precluded a finding that the question of suppression had been waived. The respondent has submitted responses (Docket Entry Nos. 44 and 46) in opposition to the Amended Petition.

The respondent filed an Answer (Docket Entry No. 19) to the original Petition on August 25, 2015. The Amended Petition was filed on November 8, 2016, more than one year later. Thus, the petitioner is unable to amend his original Petition except "with the opposing party's written consent or the court's leave." Rule 15(a)(2), Fed. R. Civ. P. The petitioner does not have the respondent's written consent. Therefore, the Court shall treat the Amended Petition as a motion seeking to amend.

An amended habeas petition does not relate back (and thereby avoid the AEDPA's one year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. <u>Mayle v. Felix</u>, 545 U.S. 644 (2005). The claims in the petitioner's motion to amend are new claims that differ in both time and type from those set forth in the original Petition. Because these claims do not relate back to the original Petition, they are now untimely. An amendment of the original Petition with untimely claims would be futile.

Leave to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." <u>Crawford v. Roane</u>, 53 F.3d 750, 753 (6th Cir. 1995). Finding that the proposed amendment would be futile, petitioner's motion to amend is hereby DENIED.

Finally, there is one pending motion (Docket Entry No. 52) that was filed after the case was transferred to this judicial district. On December 14, 2016, the petitioner filed a Supplemental

Pleading (Docket Entry No. 49). In the Supplemental Pleading, the petitioner mistakenly states that the original Petition was filed on September 16, 2016, rather than on the correct date of September 16, 2014. He moves the Court to recognize the error and its correction. For good cause shown, this motion is GRANTED.

It is so ORDERED.

Aleta A. Trauger
United States District Judge